**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**IN RE: REMOVED STATE COURT TALC ACTIONS AGAINST JOHNSON & JOHNSON, ET AL.**

**Case No.: See Appendix**

**ORDER REMANDING OSC TALC ACTIONS TO STATE COURT**

**I. INTRODUCTION**

Thousands of plaintiffs across the country have filed personal injury lawsuits alleging injury and wrongful death caused by exposure to asbestos from the talc used in Johnson & Johnson's products. Johnson & Johnson began removing many of these actions to federal court on the basis that they are related to the pending bankruptcy

-1-

proceeding of its sole talc supplier, Imerys Talc America, Inc. (hereinafter "Imerys"). In this district, courts have remanded nearly one hundred of these cases on equitable grounds. The substantial majority of the remaining removed cases have been transferred to this Court.

The Court issued an order to show cause why the removed actions before it (the "OSC Talc Actions")[1] should not also be remanded on equitable grounds. Both Johnson & Johnson and any plaintiffs wishing to respond have had an opportunity to be heard. For the following reasons, the OSC Talc Actions are hereby **REMANDED** to state court.

**II. BACKGROUND**

There are roughly 2,400 talc-related actions that have been filed against Johnson & Johnson in state courts nationwide. The plaintiffs suffer from various types of cancer that they attribute to asbestos exposure from Johnson & Johnson's products. In this district, there are several state-level coordinated efforts to manage these cases alongside other talc- and asbestos-related litigation. Prior to their removal, many of the cases had been pending in state court for months, if not years. Some had already been tried. Others had been substantially litigated and were ready for trial. While the plaintiffs face varying prognoses, many of those still living are gravely ill.

In April 2019, Johnson & Johnson began removing these actions on the basis that they are "related to" Imerys's bankruptcy proceeding. *See* 28 U.S.C. § 1334(b). Imerys is Johnson & Johnson's sole talc provider. It filed for Chapter 11 bankruptcy on

---

[1] The Court issued the order to show cause in the forty-two actions before it as of May 6, 2019. Since then, over one hundred other Johnson & Johnson talc actions have been transferred to this Court. The instant Order addresses only the actions subject to the order to show cause.

February 13, 2019, in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court"). *See In re Imerys Talc America, et al.*, Case No. 19-10289-LSS (Bankr. D. Del.). Any claims against Imerys have been stayed by the bankruptcy filing. *See* 11 U.S.C. § 362. The plaintiffs, however, have continued to litigate their claims as to Johnson & Johnson. Johnson & Johnson asserts that those claims are related to Imerys's bankruptcy proceeding because Johnson & Johnson's supply agreements with Imerys contain contractual indemnifications and other liability-sharing provisions triggered by the plaintiffs' claims. Johnson & Johnson filed a motion in the United States District Court for the District of Delaware ("Delaware District Court") to fix venue in the District of Delaware for all of the state court talc actions filed against it. Johnson & Johnson anticipates that the Delaware District Court will rule on the motion shortly after briefing concludes on May 23, 2019.

In the interim, several courts in this district have remanded the Johnson & Johnson talc actions before them on equitable grounds. On May 3, 2019, this Court issued orders remanding two cases that Johnson & Johnson had removed weeks before the seriously ill plaintiffs were scheduled to proceed to trial. *See Cabibi v. Avon Prods., Inc.*, 2019 WL 1976438 (C.D. Cal.); *Weirick v. Brenntag N. Am., Inc.*, 2019 WL 1976436 (C.D. Cal.). Both cases had been pending in Los Angeles County Superior Court for over a year and one case had already been tried. Finding that comity, judicial economy, and other equitable grounds weighed in favor of remand, the Court exercised its broad discretion under Section 1452(b) of the Bankruptcy Code to remand both actions to state court. *See generally id.* Other courts in this district have issued similar orders remanding nearly one hundred of the actions Johnson & Johnson has removed.[2] In the interest of conserving

---

[2] *See, e.g.*, *Schade, et al. v. Johnson & Johnson, et al.*, Case No. 19-cv-03662-DMG (RAOx), Dkt. 8; *Brown, et al. v. Johnson & Johnson, et al.*, Case No. 19-cv-03289-FMO (JEMx), Dkt. 8; *Haggerty v. Johnson & Johnson, et al.*, Case No. 2:19-cv-03497-JFW (FFMx), Dkt. 8; *Collison v. Johnson & Johnson, et al.*, Case No. 2:19-cv-03395-PA (PLAx), Dkt. 9; *Bassey v. Johnson & Johnson, et al.*, Case No. 2:19-cv-03290-RGK (JPRx), Dkt. 8. A district court in South Carolina also remanded a Johnson & Johnson talc action on equitable grounds. *See Johnson, et al. v. Johnson & Johnson, et al.*, Case No.

judicial resources, this Court ordered Johnson & Johnson to show cause why the OSC Talc Actions should not be remanded on similar grounds.

### III. ANALYSIS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, federal courts are presumed to lack jurisdiction in a particular case "unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Where, as here, a defendant removes the action to federal court, the burden of establishing subject matter jurisdiction falls on the defendant. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Johnson & Johnson asserts that this Court has subject matter jurisdiction over the plaintiffs' state law claims because they are related to Imerys's bankruptcy proceeding in Delaware.

Bankruptcy jurisdiction is governed by 28 U.S.C. § 1334, which vests district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A party may remove any claim in a civil action to the district court in which the civil action is pending, if the district court has jurisdiction over the claim pursuant to Section 1334(b). *Id*. § 1452(a). Once a claim is removed pursuant to Section 1452(a), the district court to which the claim is removed may remand the claim "on any equitable ground." *Id*. § 1452(b). This is true even if the claim falls within the district court's subject matter jurisdiction under Section 1334(b). *See, e.g.*, *TIG Ins. Co. v. Smolker*, 264 B.R. 661, 666–67 (Bankr. C.D. Cal. 2001). An order remanding an action pursuant to Section

---

3:19-cv-01152-MBS, Dkt. 24 at 4 (D.S.C. May 3, 2019) (finding that Johnson & Johnson's basis for "related to" jurisdiction is based on "mere speculation" and that "equity favors prompt resolution in state court").

-4-

1452(b) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of [the Bankruptcy Code] or by the Supreme Court of the United States under section 1254." 28 U.S.C. § 1452(b).

Section 1452(b)'s "'any equitable ground' remand standard is an unusually broad grant of authority." *McCarthy v. Prince*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). In determining whether equitable grounds exist to remand an action removed under Section 1452(a), courts consider several factors, including the extent to which state law issues predominate over bankruptcy issues, whether the applicable law involves difficult or unsettled issues, whether any basis for jurisdiction other than Section 1334 exists, comity and respect for state law decision-making capabilities, the degree of relatedness of the state proceeding to the bankruptcy case, the likelihood that either party is engaging in forum shopping, the existence of a right to a jury trial, the burden on the bankruptcy court's docket, the feasibility of allowing judgments to be entered in state court while leaving enforcement to the bankruptcy court, the impact of remand on the administration of the debtor's bankruptcy case, and the possibility of prejudice to the parties in the action. *See In re Cedar Funding, Inc.*, 419 B.R. 807, 820 n.18 (B.A.P. 9th Cir. 2009) (citing *In re Enron Corp.*, 296 B.R. 505, 508 n.2 (Bankr. C.D. Cal. 2003)). "Because Section 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 310 (Bankr. C.D. Cal. 2010) (citation omitted).

The relevant factors weigh strongly in favor of granting equitable remand of the OSC Talc Actions. These are state law actions at their core. They are part of various statewide coordinated proceedings of similar personal injury and wrongful death lawsuits. The injuries alleged sound entirely in state tort law. Many of the claims have been pending for years and have been substantially litigated. The state court judges

managing the cases have intimate knowledge of the issues and parties involved. Other than Johnson & Johnson's theory of "related to" jurisdiction under Section 1334(b), there is no basis for removal or federal jurisdiction. Accordingly, comity favors remand. *See In re Enron Corp.*, 296 B.R. at 509 ("Comity dictates that California courts should have the right to adjudicate the exclusively state law claims involving California-centric plaintiffs and California-centric transactions.").

The degree of relatedness between the plaintiffs' claims and Imerys's bankruptcy proceeding does not appear strong. Imerys's purported connection rests primarily on an indemnification provision in its supply agreements with Johnson & Johnson. That provision requires Imerys to "indemnify, defend and hold harmless [Johnson & Johnson] . . . from and against all liabilities arising out of any violation by [Imerys] of any law, ordinance, regulation or rule." *See Angione v. Johnson & Johnson, et al.*, Case No. 2:19-cv-03150-CJC-JC, Dkt. 12 Ex. H (1989 Talc Supply Agreement) § 10; *id.* Ex. I (2001 Talc Supply Agreement) § 7(a)(iv). Johnson & Johnson represented in its discovery disclosures that its indemnification and insurance agreements were "unlikely to be implicated" by or were "not relevant" to the plaintiffs' claims against it. *See, e.g.*, *Myers v. Avon Prods., Inc., et al.*, Case No. 2:19-cv-03563-CJC (JCx), Dkt. 11-2 [Declaration of Marissa Langhoff] ¶¶ 6–8; *id.* Exs. B–D). Although Johnson & Johnson takes the opposite stance now, it seemingly was justified in making those representations. The plaintiffs are proceeding on claims against Johnson & Johnson only. Resolution of those claims will not determine whether *Imerys* violated a law, ordinance, regulation, or rule. That determination would likely require a separate proceeding. If the indemnification provision has not been triggered, the relationship between the plaintiffs' claims and Imerys's bankruptcy proceeding is hypothetical and remote.

The plaintiffs' right to a jury trial would be substantially prejudiced if their actions are not remanded. Although Imerys filed for bankruptcy on February 13, 2019, Johnson

& Johnson waited until late April to remove these actions to federal court. As a result, some plaintiffs lost imminent trial dates. Regardless of whether a trial had been scheduled, the parties had conducted discovery, deposed witnesses, and engaged in motion practice all in accordance with California state law and procedure. Now Johnson & Johnson asks these plaintiffs who have diligently been litigating their claims in state court to travel to a distant and inconvenient forum where much of the parties' efforts will have to be duplicated. Resolution or trial of their claims will be delayed by months or even years. With the plaintiffs' health on the line, many do not have time for further delay. Johnson & Johnson's removal has risked depriving them of their day in court.

Johnson & Johnson and Imerys, by contrast, are not likely to suffer serious prejudice if these actions are remanded. Adjudication of the plaintiffs' California state law claims against Johnson & Johnson in California state court will not significantly hamper the administration of Imerys's bankruptcy estates. The plaintiffs' claims against Imerys—if any—are stayed. If Johnson & Johnson is entitled to contribution or indemnity from Imerys, it can assert claims against Imerys's estates in the Delaware Bankruptcy Court. Since Imerys would not be a party to any trial of Johnson & Johnson's claims, it will not be precluded from raising any defenses it may have against Johnson & Johnson.

Johnson & Johnson alternatively requests that this Court abstain from addressing the issue of remand so that the Delaware District Court may first rule on the motion to fix venue. Johnson & Johnson relies on 28 U.S.C. § 157(b)(5), which states that "personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." This provision governs venue, not jurisdiction. *See Stern v. Marshall*, 564 U.S. 462, 478–79 (2011). The issue before the Court is whether removal jurisdiction is proper. Johnson &

Johnson offers no authority for the proposition that the Court cannot rule on the threshold issue of jurisdiction before the Delaware District Court rules on the motion to fix venue. To the contrary, punting on this important issue would only reward Johnson & Johnson's unabashed attempt at further delaying the resolution of hundreds of California plaintiffs' claims. For the reasons already stated, equitable considerations compel the Court to remand the OSC Talc Actions to state court.[3]

**IV. CONCLUSION**

The OSC Talc Actions are hereby **REMANDED** to state court. Any motions or *ex parte* applications to remand that are pending in the OSC Talc Actions are **DENIED AS MOOT**, and the hearings vacated.

DATED: May 21, 2019

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[3] The plaintiffs in the OSC Talc Actions offer several other arguments in support of remand. For instance, they argue that Johnson & Johnson's removal was untimely and that the plaintiffs' claims are subject to mandatory abstention. Because the Court finds that equitable remand is proper pursuant to 28 U.S.C. § 1452(b), it need not address these remaining grounds for remand.

## Appendix

| | |
|---|---|
| **CV19-3076-CJC (JCx)** | **CV19-3234-CJC (JCx)** |
| **CV 19-3080-CJC (JCx)** | **CV19-3241-CJC (JCx)** |
| **CV19-3082-CJC (JCx)** | **CV19-3244-CJC (JCx)** |
| **CV19-3130-CJC (JCx)** | **CV19-3287-CJC (JCx)** |
| **CV19-3150-CJC (JCx)** | **CV19-3306-CJC (JCx)** |
| **CV19-3152-CJC (JCx)** | **CV19-3346-CJC (JCx)** |
| **CV19-3157-CJC (JCx)** | **CV19-3359-CJC (JCx)** |
| **CV19-3160-CJC (JCx)** | **CV19-3367-CJC (JCx)** |
| **CV19-3161-CJC (JCx)** | **CV19-3372-CJC (JCx)** |
| **CV19-3162-CJC (JCx)** | **CV19-3393-CJC (JCx)** |
| **CV19-3165-CJC (JCx)** | **CV19-3410-CJC (JCx)** |
| **CV19-3169-CJC (JCx)** | **CV19-3415-CJC (JCx)** |
| **CV19-3170-CJC (JCx)** | **CV19-3422-CJC (JCx)** |
| **CV19-3171-CJC (JCx)** | **CV19-3424-CJC (JCx)** |
| **CV19-3175-CJC (JCx)** | **CV19-3435-CJC (JCx)** |
| **CV19-3176-CJC (JCx)** | **CV19-3458-CJC (JCx)** |
| **CV19-3177-CJC (JCx)** | **CV19-3467-CJC (JCx)** |
| **CV19-3181-CJC (JCx)** | **CV19-3471-CJC (JCx)** |
| **CV19-3188-CJC (JCx)** | **CV19-3472-CJC (JCx)** |
| **CV19-3189-CJC (JCx)** | **CV19-3482-CJC (JCx)** |
| **CV19-3191-CJC (JCx)** | **CV19-3773-CJC (JCx)** |